powers and is, therefore, invalid; (2) because rule 113 denies to defendants the right to trial by jury; (3) because rule 113 is inconsistent with the Civil Practice Act.

*Frederick W. Bisgood* and *Herbert C. Smyth* for appellants.

*W. Montague Geer* for respondent.

*John Godfrey Saxe, amicus curiæ.*

Judgment affirmed, with costs, on authority of *General Investment Co.* v. *Interborough Rapid Transit Co.* (235 N. Y. 133).

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

MUSKEGON STEAMSHIP COMPANY, Respondent, *v.* PLINY FISK et al., Appellants.

*Contract — sale — repudiation of contract of sale — action to recover amount deposited as liquidated damages.*

*Muskegon Steamship Corp.* v. *Fisk,* 200 App. Div. 621, affirmed.
(Argued January 11, 1923; decided February 27, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 17, 1922, unanimously affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.   On January 11, 1918, the Muskegon Steamship Corporation and one John F. Marskey entered into a written contract by which the former agreed to sell and the latter agreed to buy the steamship *Muskegon.*   This contract was, immediately after its execution, deposited with the defendants, a firm of bankers doing business under the name of Harvey Fisk & Sons.   It was stated in the contract that ten per cent of the purchase price of the vessel, to wit, $124,520, had been deposited, or would contemporaneously with the execution of the contract be deposited, by the buyer with Harvey Fisk & Sons.  •This, upon the completion of the contract, was to go in part payment of the purchase price, the whole of which was to be paid to the seller when

delivery and bill of sale were tendered. The contract further provided that if the buyer failed to pay the purchase price of the vessel, the ten per cent thereof deposited upon the signing of the contract should " belong to the seller " as liquidated damages and not as a penalty. The defendants, at the time of the execution of the contract, certified to the seller that the deposit had been made with them under the contract. Subsequently the buyer repudiated and refused to go on with the contract. The seller fully performed and tendered performance of its part of the contract, and then demanded the " deposit " from Harvey Fisk & Sons. They refused to pay it over. Thereupon this action was brought to recover the deposit.

*Martin W. Littleton, John J. Donovan* and *Owen N. Brown* for appellants.

*Robert S. Johnstone, Leland B. Duer* and *George Winship Taylor* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FRANK FEVROLA, Appellant.

*Crimes — murder in first degree — judgment of conviction affirmed.*

(Argued January 18, 1923; decided February 27, 1923.)

APPEAL from a judgment of the Supreme Court, rendered June 1, 1921, at a Trial Term for the county of Westchester, upon a verdict convicting the defendant of the crime of murder in the first degree.

*Thomas J. O'Neill, David Gorfinkel, John A. Goodwin,* and *Leonard F. Fish* for appellant.

*Arthur Rowland, District Attorney* (*Frederick E. Weeks* of counsel), for respondent.

Judgment of conviction affirmed; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.